## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**A BOHEME DESIGN, L.L.C.**                                                            **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO.** <u>3:25-cv-416-TSL-</u>RPM

**BRUCE KELLY PROPERTIES**
**LIMITED LIABILITY COMPANY**
**AND CHARLES BRUCE KELLY**                                          **DEFENDANTS**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**COMES NOW** the Plaintiff, A BOHEME DESIGN, L.L.C. ["BOHEME"], by and

through counsel, and brings this Complaint for Copyright Infringement. In support of this

Complaint, Plaintiff would show unto the Court as follows:

## PARTIES

1.      Plaintiff BOHEME is a limited liability company organized under Florida law with

its principal place of business in Florida.

2.      Defendant Bruce Kelly Properties Limited Liability Company ["BK Properties"] is

a limited liability company organized under Mississippi law with its principal place of business in

Ridgeland, Mississippi. BK Properties may be served with process by effecting service upon its

registered agent, Trend Consultants, LLC at its principal place of business at 125 Fountains Blvd.,

Madison, Mississippi, 39110.

3.      Defendant Charles Bruce Kelly ["Kelly"] is an adult resident citizen of Madison

County, Mississippi and may be served with process at may be served with process at his place of

business at 125 Fountains Blvd., Madison, Mississippi, 39110.

4.      BK Properties and Kelly will be referred to collectively as "Defendants."

## JURISDICTION

5.      This Court has exclusive federal jurisdiction over the subject matter of Plaintiff's claims for copyright infringement. 28 U.S.C. § 1338.  In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims for copyright infringement arise under the copyright laws of the United States, 17 U.S.C. § 101, et seq.

6.      This Court has general personal jurisdiction of Defendant BK Properties because BK Properties is a Mississippi limited liability company, has its principal place of business in Mississippi, and is "at home" in Mississippi.

7.      This Court has general personal jurisdiction of Defendant Kelly because he is a citizen and resident of Mississippi, and is "at home" in Mississippi.

## VENUE

8.      Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because Defendants may be found in this District. Venue in this District is also proper pursuant to 28 U.S.C. §§ 1391(b)-(c) because Defendants reside and do business in this District.

## FACTS

9.      BOHEME is a full-service architecture, interior architecture and interior design firm located in Inlet Beach, Florida. BOHEME creates original architectural works and provides design services for its clients. BOHEME specializes in luxury residential and commercial architecture along the entire coast of the Florida Panhandle.

10.     BOHEME was founded in 2009 by Darrell Russell and Jonathan Hampel. Both are licensed architects and members of the American Institute of Architects. Both are managers of BOHEME.

2

11.     Beginning in 2013, Darrell Russell began designing a home for Jean and Dan Basse

to be constructed on a beach front lot in Inlet Beach, Florida. (Inlet Beach is near the Rosemary

Beach community, between Destin to the west and Panama City to the east.)

12.     There were houses on either side of the Basses' lot, and one of Russell's design

goals was to design the exterior (referred to in architectural design as the "elevation") as viewed

from the street so that an observer would focus on the center of the Basse's house instead of the

neighboring houses on either side. Russell completed the design in 2014.

13.     BOHEME and Russell titled the design the "Basse Residence." As constructed, the

front elevation is shown in the following photograph:



BOHEME and Russell accomplished their goal of a design that draws the observer's attention to

the center of the home. (The constructed home will be referred to as "the Basse home.")

14.     In November 2024, Jean Basse notified Darrell Russell that she had seen a house being constructed on Highway 30A in Inlet Beach, Florida that was a copy of the home that BOHEME and Russell had designed for Jean and Dan Basse. The Basse home was at 235 Paradise By The Sea Blvd. The copy was at 8762 County Highway 30A. The following map shows their relative locations:

Copy
8762 Highway 30A_____

Basse Home
235 Paradise By The Sea _____



The copy is barely a mile from the Basse home. When the Basses or their visitors approach the Basse's home from the west, they have to drive by the copy of their house.

15.     The owner of the lot where the copy is being built is Defendant BK Properties.

16.     On Plaintiff's information and belief, Defendants selected an architect, Stackable + Mracek Design Group ["Stackable"], and asked Stackable to design a house to be built on the BK Properties lot so that the exterior elevation on the street side would be a copy of the same elevation of the Basse Home.

17.     On Plaintiff's information and belief, Defendants and/or Stackable obtained a copy of the BOHEME plans for the Basse Residence from a contractor who had originally bid on, but was not awarded, the contract to construct the Basse home [the "Contractor"] and copied the street-side elevation for the house to be built on BK Properties' lot.

18.    On Plaintiff's information and belief, Defendants engaged the Contractor to build a house on the BK Properties lot including a copy of the street-side elevation of the Basse Residence. The Contractor has in fact made a copy of the street-side elevation of the Basse Residence by constructing the house on the BK Properties lot based on the Stackable plans.

19.    The following is a side-by-side comparison of the street-facing elevation of the house being built for Defendants and the same elevation of the constructed Basse Residence:

 

|  Basse Residence | Defendants' House |

The similarity between the two can only be explained by Defendants' copying.

## CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

20.    BOHEME complains of all Defendants for copyright infringement, and incorporates all of the foregoing Paragraphs 1 through 15 above by reference.

21.     Under United States law, an "architectural work" is "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. § 101.

22.     The Basse Residence is an original arrangement and composition of spaces and elements that forms a building design. The Basse Residence is protected by copyright under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*, as an architectural work. BOHEME became the owner of the copyright in the Basse Residence when Boheme created the work, i.e., when the design was fixed in a tangible means of expression. BOHEME is currently, and at all relevant times has been, the sole owner of all copyrights in the Basse Residence architectural work.

23.     BOHEME registered the Basse Residence as an architectural work. The United States Copyright Office issued Certificate of Copyright Registration No. VA 2-444-122 to BOHEME for the work titled "Basse Residence" as an architectural work, effective May 2, 2025. BOHEME has satisfied the registration requirement of 17 U.S.C. § 411(a) and may bring this action for infringement of the Basse Residence architectural work.

24.     Copyright infringement includes making a work that is based on a pre-existing work without the permission of the owner of the copyright in the pre-existing work.

25.     Copyright infringement of an architectural work such as the Basse Residence can be established on the basis of infringing either the floor plan or the exterior, or both.

26.     Defendants have infringed the copyright in the Basse Residence architectural work by violating the exclusive rights of BOHEME as the owner of that copyright, including the following:

6

a) Defendants have made copies and/or derivatives of the Basse Residence architectural work by creating or causing to be created paper and digital drawings and plans for a house built or planned to be built.

b) Defendants have distributed copies and/or derivatives of the Basse Residence architectural work by distributing paper and digital drawings and plans for a house built or planned to be built.

c) Defendants have made copies and/or derivatives of the Basse Residence architectural work by constructing, or causing to be constructed, a house based on the Basse Residence architectural work.

27.     BOHEME is entitled to recover its actual damages and all infringer profits to the full extent permitted by 17 U.S.C. § 504(b), including all profits of the Defendants. As provided by § 504(b), BOHEME is entitled to the gross revenue from the infringing house, subject to any deductible expenses or other deductions that the Defendants are able to prove. Gross revenue is not limited to money received, but also includes all value received by the infringer, such as the value of a house constructed in violation of an architectural works copyright when that house has not been sold.

28.     In the alternative, Kelly, with knowledge of the infringing activities of BK Properties in the creation and distribution of paper and digital copies and derivatives of the Basse Residence architectural work and in the construction of a house based on Basse Residence architectural work, has intentionally induced and/or encouraged such infringing conduct. Kelly is liable for contributory copyright infringement. Kelly is liable for his own infringer profits, and is jointly and severally liable with BK Properties for all of BOHEME's actual damages and all infringer profits of BK Properties.

29.     In the further alternative, Kelly and BK Properties, with knowledge of the infringing activities of Stackable and the Contractor in the creation and distribution of paper and digital copies and derivatives of the Basse Residence architectural work and in the construction of a house based on Basse Residence architectural work, have each intentionally induced and/or encouraged such infringing conduct. Kelly and BK Properties are liable for contributory copyright infringement. Kelly and BK Properties are liable for their own infringer profits, and are jointly and severally liable for all of BOHEME's actual damages and all of Kelly's and BK Properties' infringer profits.

30.     In the further alternative, Kelly had a financial interest in the creation and distribution of paper and digital copies and derivatives of the Basse Residence architectural work and in the construction of the houses based on the Basse Residence architectural work by BK Properties. Kelly had the power or the ability to stop or limit such infringement of BOHEME's copyright, but failed to do so. Kelly is liable for vicarious copyright infringement. Kelly is liable for his own infringer profits, and is jointly and severally liable with BK Properties for all of BOHEME's actual damages and all infringer profits of BK Properties.

31.     In the further alternative, Kelly and BK Properties had a financial interest in the creation and distribution of paper and digital copies and derivatives of the Basse Residence architectural work and in the construction of the houses based on the Basse Residence architectural work by Stackable and the Contractor. Kelly and BK Properties had the power or the ability to stop or limit such infringement of BOHEME's copyright, but failed to do so. Kelly and BK Properties are liable for vicarious copyright infringement. Kelly and BK Properties are liable for their own infringer profits, and are jointly and severally liable for all of BOHEME's actual damages and all of Kelly's and BK Properties' infringer profits.

32.     BOHEME is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Defendants from further infringement of its copyright, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing houses.

33.     BOHEME is entitled to an order pursuant to 17 U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Base Residence architectural work, in the form of paper or digital plans or drawings, in possession of Defendants or their agents or contractors in violation of BOHEME's exclusive rights, and (b) upon final hearing of this case, to destroy or otherwise dispose of such copies.

34.     All conditions precedent have been performed or have occurred.

### JURY DEMAND

35.     Pursuant to Federal Rule of Civil Procedure 38, BOHEME respectfully demands trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff A BOHEME DESIGN, L.L.C. prays that Defendants be cited to appear and answer, and that upon final trial, that Plaintiff have and recover from Defendants as set forth above, that Plaintiff have and recover its costs, and that Plaintiff have such other relief as it may be entitled.

RESPECTFULLY SUBMITTED this 9th day of June, 2025.

By:     */s/ Jonathan S. Masters*
       JONATHAN S. MASTERS
       MSB #99419
       **HOLCOMB LAW GROUP**
       400 Enterprise Drive
       P. O. Drawer 707
       Oxford, MS 38655-0707
       Office:          662-234-8775
       Facsimile:     662-238-7552
       jmasters@holcombgroup.com

9

Patrick Zummo
Texas Bar #22293450
**LAW OFFICES OF PATRICK ZUMMO**
950 Echo Lane, Suite 333
Houston, Texas 77024
Office:  713-651-0590
pzummo@zoomlaw.com

*Attorneys for Plaintiff*
*A BOHEME DESIGN, L.L.C.*